Dear Ms. Potts:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have indicated that a certain property, which was assessed in the name of A, was sold for both city and parish taxes in May of 2008 to B. Subsequently, A redeemed the city taxes, but not parish taxes. Ultimately, you ask us to determine in whose name the property must be assessed.
Under La.Const. art. VII, § 25(B)(1), property sold for taxes "shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption." Pointedly, the former La.R.S. 47:2193[1]
provided, in pertinent part, that "[f]rom the date of recording a tax deed to property, all taxes thereon shall after that date, be assessed to and paid by the purchaser, until the property, or any part thereof, be redeemed."[2]
Here, the property was not completely redeemed under La.Const. art. VII, § 25(B)(1), because only the city taxes were redeemed. Thus, in the current instance, the property should continue to be assessed to the tax sale purchaser on both the parish and municipal tax rolls. *Page 2 
Our opinion is consistent with La.R.S. 33:461(B)(4), which, in pertinent part, provides that property acquired at a municipal tax sale shall be subject to a title acquired under a sale for state and parish taxes. It is also consistent with La.R.S. 33:461 (A)(1)(a), under which the owner of record listed on the municipal tax roll is the same as that on the parish tax roll.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
BY:__________________________ BENJAMIN A. HUXEN II Assistant Attorney General
JDC/BAH II
[1] The statutes governing tax sales were substantially revised by Acts 2008, No. 819, § 1, effective January 1, 2009; however, because the tax sale in question took place in May 2008, and the revisions have no retroactive effect, we believe the prior version of the statute controls. Regardless, the substance of the former La.R.S. 47:2193 is currently reflected in La.R.S. 47:2161. See comment (a) to La.R.S. 47:2161.
[2] The reference in La.R.S. 47:2193 to "any part thereof pertains to a situation where, under La.Const. art. VII, § 25(A)(1), the debtor points out to the sheriff a sufficient portion of the property to be sold.